UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUO NENG MA,<br><br>　　　　Defendant. | No. 2:14-cr-00330-GEB<br><br>**ORDER** |

The Government's "Request to Seal Government's Two-Page Sentencing Letter," submitted as an email attachment to an in camera request for a sealing order, contains argument that should be filed on the public docket. The "Two-Page Sentencing Letter" also contains the following legal argument in a footnote which should have been filed on the public docket:

> "[I]n determining the extent of a departure under [18 U.S.C.] § 3553(e), '[t]he district court may not . . . consider factors unrelated to the defendant's assistance.'" United States v. Jackson, 577 F.3d 1032, 1036 (9th Cir. 2009) (citing United States v. Auld, 321 F.3d 861, 867 (9th Cir. 2003)). "When the district court grants a waiver of the mandatory minimum pursuant to § 3553(e), the departure establishes the new minimum sentence for the defendant, and the court may not reduce the sentence further on the basis of the § 3553(a) factors." Id. "In other words, the court may increase a sentence on the basis of the § 3553(a) factors, but may not reduce the sentence further." Id.

("Two-Page Sentencing Letter" at 1 n.1.)

1

This argument in the Sentencing Letter has been considered and is made public because it responds to argument in Defendant Guo Neng Ma's Sentencing Memorandum in which he argues in essence that he is entitled to a downward variance under the § 3553(a) factors to a sentence of a year and a day. However, on March 2, 2016 Defendant Ma filed a document withdrawing his Sentencing Memorandum (ECF No. 62), in which he states he "is in agreement with the [Government's] suggestion for sentencing as contained in [its] Memorandum." Id.  It is unclear what Ma references as Memorandum or whether he withdraws his Sentencing Memorandum in light of the ruling herein. Even if Ma still withdraws his Sentencing Memorandum, the withdrawal filing was too late to avoid judicial expenditure of time analyzing Ma's sentencing arguments. That analysis included reviewing the ruling that sealed the Plea Agreement in this case, which is overbroad, and the following maximum penalty provision in the Plea Agreement which bears on the referenced arguments: "The maximum sentence that the Court can impose is 40 years of incarceration . . . The charge to which defendant is pleading guilty carries a five-year mandatory minimum sentence, absent a motion by the government for reduction pursuant to 18 U.S.C. § 3553(e)." (Plea Agreement at 7, ECF No. 48 *SEALED*.) In addition, the factual basis attached to the Plea Agreement was considered in which Defendant Ma admits his criminal activity involving nine marijuana grow houses and states he "set up the grows in the nine grow houses and placed workers inside," and he "periodically collected grown, processed marijuana and brought it to a distributor for wider distribution." (Ex. A to Plea Agreement at A-1.)

The proponent of a sealing order must articulate "the reasons supporting [sealing] . . . in [proposed] findings." Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Oregon, 920 F.2d 1462, 1466 (9th Cir. 1990); see Unabom Trial Media Coal. v. U.S. Dist. Court, 183 F.3d 949, 951 (9th Cir. 1999) (stating "a court may order closure [in] a criminal proceeding if . . . the court articulates specific factual findings supporting closure"). Under sealing jurisprudence, a district court must make "specific, on the [public] record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest" unless it is shown that all or part of such findings should be filed under seal. Press-Enter. Co. v. Superior Court of Cal. for Riverside Cty., 478 U.S. 1, 13-14 (1986) (internal quotation marks omitted); see Wash. Post v. Robinson, 935 F.2d 282, 289 n.9 (D.C. Cir. 1991) ("The trial court should only seal that part of its findings that is necessary to protect the secrecy of the sealed plea agreement, and it must make every effort to explain as much of its decision as possible on the public record to enable an interested person to intelligently challenge the decision."); cf. Littlejohn v. Bic Corp., 851 F.2d 673, 682 (3d Cir. 1988) (indicating that such a "[p]ublic [filing] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness"). In addition, the proponent of sealed findings should notify the public that such proposed sealed findings have been submitted in the in camera proceeding and why they were not filed on the public

docket.

> The procedural and substantive safeguards described in [Ninth Circuit sealing precedent] are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard. All too often, parties to the litigation are either indifferent or antipathetic to [these safeguards]. This is to be expected: it is not their charge to represent the rights of others. However, balancing interests cannot be performed in a vacuum. Thus, providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure [or sealing] decision. Similarly, entry of specific findings allows fair assessment of the trial judge's reasoning by the public and the appellate courts, enhancing trust in the judicial process and minimizing fear that justice is being administered clandestinely.

Phx. Newspapers, Inc. v. U.S. Dist. Court for Dist. of Ariz., 156 F.3d 940, 951 (9th Cir. 1998).

The Government's "[Proposed] Order Sealing Documents As Set Forth in Government's Notice" does not state that the proposed sealed findings the Government submitted in its "Request to Seal Government's Two-Page Sentencing Letter" contains what it opines are the "specific factual findings supporting closure," Unabom Trial Media Coal., 183 F.3d at 951; nor has the Government made "every effort to [have the Court] explain as much of its decision as possible on the public record to enable an interested person to intelligently challenge the decision." Wash. Post, 935 F.2d at 289 n.9; cf. Doe v. Pub. Citizen, 749 F.3d 246, 268 (4th Cir. 2014) (indicating that a publicly filed sealing request should "provide a kind of index to judicial proceedings and documents, [sufficient to] endow the public and press with

the capacity to exercise their rights guaranteed by the First Amendment" (internal quotation marks omitted)).

Therefore, the documents emailed to chambers for in camera consideration are treated as having been returned to the Government under the rationale of Local Rule 141(e)(1), which prescribes: "If a [sealing r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied." See also United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request, the party submitting the request then decides how to proceed in light of the ruling).

Dated: March 3, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge